PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEITH BRYANT,

          Plaintiff,

     v.                                                            23-CV-6111-CJS
                                                                   ORDER

ASSET PROTECTION, ANDREW
SEILER, HOME DEPOT,

          Defendants.

_____

## INTRODUCTION

The *pro se* plaintiff Keith Bryant ("Plaintiff") is a pretrial detainee confined at the

Monroe County Jail.  *See* ECF No. 5 at 4.[1]  He commenced this action against Defendants

Home Depot and Andrew J. Seiler, Asset Protection Specialist, *see id.*, pursuant to 42

U.S.C. § 1983.  Because Plaintiff met the statutory requirements of 28 U.S.C. § 1915(a)

and filed the required supporting documentation, the Court granted his motion to proceed

*in forma pauperis* and screened the complaint in accordance with the criteria in 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(a).  ECF No. 4.  The Court found that the complaint failed to

state a claim upon which relief could be granted due to Plaintiff's failure to allege that

Home Depot or Seiler acted "under color of state law," 42 U.S.C. § 1983.  The Court

stated that the complaint would be dismissed without prejudice unless Plaintiff filed an

---

[1] Page references are to those automatically generated by the Court's CM/ECF system and located in the header of each page.

amended complaint sufficiently alleging that Home Depot and Seiler acted under color of state law.

Plaintiff has filed an amended complaint, ECF No. 5, which the Court has screened.  For the reasons discussed below, the amended complaint fails to remedy the pleading deficiencies identified in the Court's previous screening order.  Accordingly, the amended complaint is dismissed without prejudice and without leave to amend further.

## DISCUSSION

### I.    Legal Standards Relevant to Screening Complaints

Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  During screening, the Court "shall dismiss" a complaint, or any portion thereof, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (listing identical grounds for dismissal).

A complaint filed *pro se* must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests."  *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)).  In reviewing the complaint for legal sufficiency, the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor.  *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).  Generally, a *pro se* plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  That said, leave to amend is properly

denied where amendment would be futile.  *See*, *e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## II.    Summary of the Amended Complaint

The following factual summary is based on Plaintiff's allegations in the amended complaint, ECF No. 5, as well as the exhibits attached to it.  *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (stating that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").[2]

Home Depot has a policy of improperly serving trespass notices.  ECF No. 5 at 9. On September 21, 2021; May 14, 2022; and September 16, 2022, Seiler was an asset protection specialist employed by Home Depot.  *See id.* at 4-5.  On these dates, Seiler enforced Home Depot's unlawful policy and "failed to provide proper service of trespass notice upon Plaintiff."  *Id.* at 5.  Seiler did not provide Plaintiff with the opportunity to read or view the trespass notice; nor did he give Plaintiff a copy of the notice.  *Id.* at 12.  Seiler's failure to provide Plaintiff with "proper notice of the rules of the establishment" resulted in Plaintiff being "charged and arrested . . . ."  *Id.*

---

[2] The amended complaint here consists of a form civil rights complaint with two attachments labeled as "Exhibit B" and "Exhibit C."  There is no "Exhibit A."  Exhibit B consists of a copy of a trespass notice and an illegible Home Depot receipt.  ECF No. 5 at 22-23.  Exhibit C consists of pages from a transcript in an unidentified court proceeding.  *Id.* at 25 to 58.  In the transcript excerpt, Seiler is subjected to cross-examination regarding some of the events alleged in the amended complaint.  The cross-examination is conducted by an attorney identified as "Mr. Cole."  After reviewing the excerpted cross-examination, the Court finds that the most reasonable inference is that the questioning of Seiler occurred during a criminal proceeding against Plaintiff based on the incidents alleged in the amended complaint.

### III.      Section 1983

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . . ."  *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979).  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).  Establishing that a private entity or individual "acted 'under color of state law[ ]' [is] a jurisdictional requisite for a § 1983 action."  *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

### IV.      "Under Color of State Law" Requirement

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  "The question is whether the private actor's conduct 'has sufficiently received the imprimatur of the State' so as to render it an action of the State for purposes of [section] 1983."  *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982)).  "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes."  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

4

As discussed below, the amended complaint does not plausibly allege that either Seiler or Home Depot acted under color of state law.  Therefore, the amended complaint does not state cognizable claims under § 1983 against Seiler and Home Depot.

**A.    Defendant Seiler**

Plaintiff asserts that Seiler is "trained and license[d] by New York State to provide service as a security guard under [the] Security Guard Act."  ECF No. 5 at 6 (citing New York State General Business Law § 89-n).  The Court infers that Plaintiff is arguing that the license purportedly issued to Seiler pursuant to New York State's Security Guard Act imbues him with the authority of the State, such that he fairly may be said to be acting under color of state law.  *See id.*

The Security Guard Act is codified at New York General Business Law, Article 7-a, §§ 89-e *et seq.*  As defined in the statute, a "'[s]ecurity guard' shall mean a person, other than a police officer, employed by a security guard company. . . ."  N.Y. Gen. Bus. Law § 89-f(6).  And "'[s]ecurity guard company shall mean any person, firm, limited liability company, corporation, public entity or subsidiary or department of such firm, limited liability company, corporation or public entity employing one or more security guards . . . .'"  N.Y. Gen. Bus. Law § 89-f(5).  The Security Guard Act "was designed to 'establish uniform standards for the employment, registration [and] training . . . of security guards'" in New York State.  *Contemp. Servs. Corp. v. Perales*, 129 A.D.3d 1397, 1398 (3d Dep't 2015) (alteration and ellipsis in original).  Even assuming for the sake of argument that Plaintiff plausibly alleged that Seiler and Home Depot fit the definitions of "security guard" and "security guard company," respectively, the Court discerns nothing in the Security Guard Act delegating New York State's police power to those within its statutory ambit.

Nonetheless, even assuming that Seiler is licensed pursuant to New York State's Security Guard Act and is employed by a "security guard company," that does not mean that he was "clothed with the authority of state law," *West*, 487 U.S. at 49, while carrying out his duties as an asset protection specialist at Home Depot.  It is well settled that "[a] state's licensure or regulation of a private actor's business does not establish a sufficient nexus fairly to attribute the business's actions to the state."  *Cancel v. Amakwe*, 551 F. App'x 4, 7 (2d Cir. 2013) (citing *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (stating that nightclub's state-issued liquor license, standing alone, is insufficient to form basis for state action)).  Therefore, Plaintiff has not alleged that Seiler acted under color of state law during the incidents referenced in the amended complaint. *See Cancel*, 551 F. App'x at 6-7 (holding that § 1983 claim "was properly dismissed because Cancel cannot plausibly allege that Gibson[, a defendant security guard,] or the other John Does serving as private security guards were acting under color of state law as required by 42 U.S.C. § 1983" where "Gibson was employed by a private business at the time of the alleged assault, and any authority he had over Cancel and other citizens derived solely from that rule and was not made possible only because he was 'clothed with the authority of state law'"); *see also id.* at 7 (holding that "neither [New York] City's regulation of nightclubs, nor New York State's requirement that security guards be licensed, transformed Soul II Soul, its owners, or its security guards into state actors or their conduct into state action").

The second circumstance in which private security guards maybe considered to have acted under color of state law is when "they are 'willful participants in the joint activity of the State or its agents.'"  *Josey v. Filene's, Inc.*, 187 F. Supp. 2d 9, 16 (D. Conn. 2002)

(quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).

Plaintiff has not alleged any facts regarding his or Seiler's interactions with the police on any of the three dates (September 20, 2021; May 14, 2022; and September 16, 2022). Indeed, as the Court pointed out in the previous screening order, Plaintiff has not named as defendants any of the police officers allegedly involved in the incidents at Home Depot.

In the excerpted cross-examination testimony attached to the amended complaint, Seiler testified about the September 16, 2022 incident. *See* ECF No. 5 at 40. On that date, Seiler stated, Plaintiff was trespassing at the Gates-Chili Home Depot; Seiler explained that he previously had served Plaintiff with notices of trespass on September 21, 2021, and May 14, 2022. *Id.* at 29-31. Seiler saw Plaintiff load a hand-cart with flooring materials. *Id.* at 41-43. Although Plaintiff stopped briefly at the "pro desk" and showed his phone to a person behind the desk, Plaintiff did not render payment for the flooring. *Id.* at 43, 48. Seiler stated that he knew Plaintiff had not paid for the flooring because Plaintiff did not go near the "pin pad" and the computer screen was still displaying the screen saver. *Id.* at 46. As Plaintiff was exiting the store with the hand-cart, a store employee (not Seiler) engaged him in a short conversation. Plaintiff then walked past all the cash registers and left the Home Depot with the flooring. *Id.* at 43-45. Prior to Plaintiff leaving the store, Seiler called 911 to report a larceny in progress. *Id.* at 53. After making the 911 call, Seiler then approached Plaintiff in the parking lot and asked him to stay and talk to him (Seiler); Plaintiff said, "I got to go," and kept walking. *Id.* at 46, 55. Plaintiff left the hand-cart with Seiler and kept walking away. *Id.* at 57. Seiler did not pursue Plaintiff or try to stop him. Seiler's cross-examination concludes at that point.

Notably, as the Court explained in the previous screening order, the "mere act of calling the police does not constitute state action." *Rose v. City of Waterbury*, No. 3:12CV291 VLB, 2013 WL 1187049, at *5 (D. Conn. Mar. 21, 2013) (citing *Bloom v. Town of New Windsor Police Dept.*, 234 F.3d 1261 (2d Cir. 2000) (summary order) (holding that district court properly held that a private individual's call to the police to report potential animal abuse did not constitute state action that would render that individual liable under section 1983)).  The allegation that Seiler called 911 to report a larceny in progress therefore does not suffice to allege action under color of state law.  Even assuming that Seiler had detained Plaintiff until the police arrived—which Seiler apparently did not do—the act of detaining an individual suspected of wrongdoing until the police arrive does not amount to state action.  *See*, *e.g.*, *Newman v. Bloomingdale's*, 543 F. Supp. 1029, 1032 (S.D.N.Y.1982) (complaint alleging only that "'the police, by arresting and detaining an individual accused of shoplifting solely on the oral complaint of store personnel . . . does not allege facts sufficient to make the store's conduct the 'state action' which is essential to state a claim under 42 U.S.C. § 1983").  In sum, nothing in the amended complaint or the excerpt of Seiler's cross-examination attached as an exhibit suggests that Seiler "share[d] some common goal to violate [Plaintiff]'s rights," *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014), with any law enforcement officers or other agents of New York State.

For the foregoing reasons, Plaintiff's section 1983 claim against Seiler is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim.  *See Sadiq v. Vitacco*, No. 22CV1064RPKTAM, 2022 WL 17177789, at *3 (E.D.N.Y. Nov. 23, 2022) ("Plaintiffs do not plausibly allege that [any of the private entities or individuals]

acted under color of state law in taking any of the actions that plaintiffs challenge. Plaintiffs' Section 1983 allegations against these private defendants are dismissed under Section 1915 for failure to state a claim.").

###### B.   Defendant Home Depot

Plaintiff alleges that Home Depot at all relevant times was a "private actor."  ECF No. 5 at 9; *see also id.* at 10.  Plaintiff asserts Home Depot deliberately and intentionally shared a common goal with its employee, Seiler—enforcing a policy of improperly serving notices of trespass in violation of New York State General Business Law § 349.  *Id.* at 9.

"Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'"  *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408–09 (2d Cir. 1990) (quoting *Monell v. Dep't of Social Serv. of the City of N.Y.*, 436 U.S. 658, 691 (1978) (emphasis and ellipsis in original)).  Because "[s]ection 1983 addresses only those injuries caused by state actors or those acting under color of state law[,]" *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992), "[a] private defendant may be held liable only as 'a willful participant in joint activity with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  Thus, in addition to alleging that Home Depot's alleged policy violated a right secured by the Constitution or by federal law, Plaintiff must allege that Home Depot was acting under state law.  *See id.*

Plaintiff again alleges in conclusory fashion that Seiler's notice of trespass did not comply with New York General Business Law ("GBL") § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. Law § 349(a).  Plaintiff asserts that Seiler's alleged

deficiencies in serving the notice of trespass were deceptive trade practices prohibited by GBL § 349.  Even assuming for the sake of argument that the service of a notice of trespass is governed by GBL § 349, a violation of GBL § 349 at most asserts a matter of state law which is not cognizable in a proceeding for damages under 42 U.S.C. § 1983. *See*, *e.g.*, *Old St. George's LLC v. Bianco*, 389 F. App'x 33, 35 (2d Cir. 2010) (summary order) ("[W]ith respect to appellants' claims relating to the alleged interference by officials of the Town of Yorktown with appellants' ability to access the Town's public records, we agree with the district court that the complaint alleges, at best, only a violation of New York's Freedom of Information Law, and not a federal constitutional claim." (citing *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.")).

Moreover, even assuming that Plaintiff sufficiently alleged that Home Depot promulgated a policy for serving notices of trespass that could have caused him to suffer a constitutional tort, he still must allege that Home Depot, a private company, acted under color of state law.  "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege *facts* demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."  *Spear*, 954 F.2d at 68 (emphasis supplied).  A "conclusory allegation" that "a private entity[ ] acted in concert with [state actors] . . . does not suffice to state a section 1983 action against [the private entity]."  *Id.*

Plaintiff appears to be proceeding under the theory that Home Depot, the private actor, conspired with Seiler, the alleged state actor, to violate his constitutional rights. Plaintiff, however, has not alleged any facts suggesting that Seiler acted under color of

state law.  Since Plaintiff has not plausibly alleged that Seiler was a state actor, his § 1983 conspiracy theory against Home Depot fails as a matter of law.   In other words, the amended complaint simply describes actions and omissions by two private entities; it does not plausibly allege a conspiracy between a private entity and a state actor. Because the amended complaint fails to plead the requisite state action by Home Depot, the section 1983 claim against it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim.

## IV.    Leave to Amend

The Court explained to Plaintiff why his allegations did not state viable § 1983 claims and gave him the opportunity to file an amended complaint.  The amended complaint, however, did not cure those pleading deficiencies, as discussed above. Because the amended complaint does not suggest the existence of any facts that would allow Plaintiff to plausibly assert that Seiler and Home Depot were acting under color of state law for purposes of stating § 1983 claims against them, further leave to amend would be futile and is denied.  *See Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) ("[A]mendment would be futile, as there is no indication that [the *pro se* plaintiff] might plead a valid claim, particularly because he alleged no factual allegations.").  Since the absence of state action goes to the Court's subject matter jurisdiction over the case, *see Polk County*, 454 U.S. at 315, the dismissal will be without prejudice, *see Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017).

## <u>CONCLUSION</u>

For the reasons set forth above, the amended complaint, ECF No. 5, fails to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Because amendment would be

futile, leave to amend is denied.  The amended complaint therefore is dismissed without prejudice.

## ORDER

IT HEREBY IS ORDERED that the amended complaint, ECF No. 5, is dismissed without prejudice and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  It is further

ORDERED that the Court hereby certifies that, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

Dated:        August 1, 2023
              Rochester, New York.